# WILLIAM T. KELLER *vs*. MARY ANN DONNELLY.

A father is entitled to command the services of his daughter during her minority, and he may maintain an action for her seduction whether she be above twenty-one or not, provided, if over twenty-one at the time of her seduction, she be in his service.

During the minority of a female child, any one standing *in loco parentis*, and she being in their service, may maintain an action for her seduction.

A mother, when left natural guardian, is entitled to her daughter's services until she arrives at eighteen, unless the girl be apprenticed to some trade; and if she be debauched before that age and be in the service of the mother, the latter may maintain an action against her seducer.

A mother is not entitled to *command* the services of her daughter after she is eighteen, and if she be seduced *after* that age and be not in her mother's service, the latter cannot maintain the action, the gist of which is, loss of service consequent upon the seduction.

If the daughter be induced to leave her mother *before* she is eighteen and be *afterwards* seduced, the mother may recover, because of the loss of service to which she was entitled.

Testimony of what occurred between the daughter and her seducer after the former was twenty-three years of age, is not admissible to show loss and deprivation of society, but may be admitted to explain and illustrate what took place between the parties five years previously.

APPEAL from the Superior Court of Baltimore city.

This was an action of *trespass on the case*, instituted by the appellee against the appellant, on the 22nd of December 1848, to recover damages for the seduction of the plaintiff's daughter, *per quod servitium amisit*. Plea, *non cul*.

1st *Exception*. After the evidence, (which is sufficiently stated in the opinion of this court,) was offered, the plaintiff asked two instructions:

1st. If the jury believe the defendant debauched and carnally knew plaintiff's daughter while she was under the age of twenty-one years, the plaintiff is entitled to recover; provided they find said daughter was residing at the plaintiff's house as her home, and was enticed and persuaded by defendant to leave her said home with the view to her seduction and debauching as aforesaid, and provided said seduction and debauching took place before the institution of this suit.

2nd. If the jury believe that defendant craftily induced plaintiff's minor daughter to leave her mother's house, it being her home, thereby depriving plaintiff of her daughter's services, comfort and society; and that said daughter having so left her said home, was supported by, or went to live with, defendant, who, while she was yet a minor, debauched and carnally knew her, and by his control and influence prevented her return to her mother's house, service and society, then plaintiff is entitled to recover.

The defendant asked four instructions:

1st. If the jury believe that defendant did not induce plaintiff's daughter to leave the plaintiff's house, and while she resided with or was working for plaintiff defendant neither seduced nor carnally knew her, nor induced nor persuaded her to submit to any improper connection, then plaintiff is not entitled to recover.

2nd. If the jury believe plaintiff's daughter, without any seduction on the part of defendant, left her mother's house with the determination not to return, and never did return, thereto, and that after she reached eighteen years of age she refused to return to her mother's house, and acted for herself and as her own mistress, then plaintiff is not entitled to recover, though the jury should believe defendant, after such daughter had reached eighteen years of age, had illicit intercourse with her.

3rd. That there is no evidence to show that defendant debauched the plaintiff's daughter at any time.

4th. If the jury find that plaintiff's daughter had attained eighteen years of age, and left her mother's house, and did not live with, and was not employed by, and did not render any

service to, her mother, and never returned or intended to return to her, and that defendant seduced said daughter after she arrived to the age of eighteen years, and whilst she was so living away from, and not rendering any services to, her mother, the plaintiff is not entitled to recover.

The court, (FRICK, J.,) rejected the defendant's and granted the plaintiff's instructions, to which ruling the defendant excepted.

*2nd Exception.* The plaintiff, for the purpose of showing the mother's loss and deprivation of her daughter's society, offered to prove by Dr. Metcalf, that since August 1851, he went at defendant's request to visit said daughter, and found her residing at defendant's house; that in January 1852, defendant called witness at four o'clock in the morning to visit her; that he found her in bed, and defendant accompanied him into the bedroom and remained there while witness prescribed for her, and paid witness' bill; that this was in a house in Frederick street, occupied by said daughter and a female servant; that he has visited the house since and never saw any man there but defendant. To the admissibility of this evidence the defendant objected, but the court overruled the objection and allowed it to be given, to which ruling the defendant excepted.

Verdict for plaintiff for $2500 damages. The defendant moved for a new trial because the damages were excessive, which motion the court overruled and gave judgment upon the verdict. The defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Charles H. Pitts* for the appellant.

1st. The right to maintain an action for seduction *per quod servitium amisit*, arises from the relation of master and servant, and not from the relation of parent and child. A parent, as parent merely, cannot maintain such an action. *5 H. & J.,* 34, *Mercer vs. Walmsley.* 4 *Comstock,* 38, *Bartley vs. Richtmyer.* 6 *Seargt. & Rawle,* 175, *Logan vs. Murray.*

10 *Adol. & Ellis, N. S.*, 725, *Davies vs Williams.* 2 *Mees. Wels.*, 539, *Harris vs. Butler.* 6 *Do.*, 55, *Blaymire vs. Haley.* 7 *Man. & Granger*, 1033, *Grinnell vs. Wells.* 1 *Wels., Hur. & Gor.*, 61, *Eager vs. Grimwood.* The relation of master and servant must exist either actually; that *is*, where the party seduced is rendering service to the plaintiff at the time of the seduction, or constructively; that is, where the plaintiff has a legal right to demand and have the services of the party seduced at the time of the seduction. This relation did not actually exist in this case, nor *constructively*, because the plaintiff had no legal right to the services of the daughter at the time of the alleged seduction, the daughter being *over eighteen years of age*. *Blackstone* says, the *mother* has no legal power over the child, and is only entitled to respect and reverence. 1 *Bl. Com.*, 453. By the common law, upon the death of the father the mother becomes guardian for *nurture*, and for *nurture* only, (*McPherson on Infants*, 53,) and this in case of a female infant ceases at eighteen. The question now under consideration has been expressly decided, in Pennsylvania, by Chief Justice Gibson, and also in New York; see 4 *Comstock*, 38, *Bartley vs. Richtmyer.* 2 *Watts*, 474, *South vs. Denniston.* Could a widow mother in this State be sued for necessaries furnished the daughter after she was eighteen? or could she sue for her services after that age, on the ground that they were due the mother at common law? or could she obtain a *habeas corpus* to compel the daughter to return to her house? If she could not, then she had no legal title to her *services*, and if such be the law it must *prevail*; this court cannot legislate, but only declare what the law is.

2nd. The plaintiff's first prayer was erroneously granted; because it wholly withdraws the question of loss of service from the jury. The authorities say you need not offer *proof* of such loss, but it is a fact to be found by the jury under the instruction of the court. In this case the girl was never pregnant, and in this particular it differs from all the cases cited in the books.

3rd. The testimony of Dr. Metcalf was improperly admitted, because the daughter, at the time to which his testi-

mony refers, was over twenty-one, and the plaintiff then had clearly no right to her service or society. Facts occurring after the institution of the suit are never admissible to prove the cause of action. Nor was the testimony admissible to prove damages, because it was an act of which the mother had no right to complain, for the daughter was then of age and the mother had no right to her services—she sustained no damage. There can be a *continuing injury* only where there is a *continuing right*.

*Robert J. Brent* for the appellee.

1st. The first point presented is the liability of the defendant for the seduction of the plaintiff's daughter, whilst she was under twenty-one and over eighteen years of age. The daughter was an *infant* until twenty-one. 2 *Bland*, 502, *Corrie's Case.* 5 *H. & J.*, 109, *Davis vs. Jacquin.* 3 *G. & J.*, 103, *Fridge vs. State. Act of* 1834, *ch.* 228. 4 *Md. Rep.*, 357, *Mayor and City Council of Balto., vs. Norman.* That the mother was *entitled* to the services of her daughter until twenty-one, and can maintain the action, is expressly decided in *Coon vs. Moffitt, Pennington,* 436. An aunt may maintain an action for the seduction of a niece, a mother for an adopted daughter, and the only case where actual loss of service need be proved is in that of an adult child. 5 *East.*, 49, *note (a.)* 11 *East.*, 23, *Irwin vs. Dearman.* 1 *Atk.*, 408, *Fawkner vs. Watts.* 3 *Atk.*, 624, *Mendes vs. Mendes. McPherson on Infants,* 53, 58, 64, shows that the mother is entitled, as guardian by nature, to the custody of the *infant's person.* See also 8 *Car. & Pay.*, 7, *Andrews vs. Askey.* 1 *Thos. Coke,* 155. 2 *Kent's Com.*, 213. The law *presumes* services, the daughter being a minor, and it was not, therefore, necessary to prove them. Neither the volition of the daughter whilst under twenty-one deprives the mother of her *right* to services, nor does the fact that the daughter did not reside with her prevent the mother from maintaining the action, if the daughter was under twenty-one at the time of the seduction, (5 *H. & J.*, 31, *Mercer vs. Walmsley;*) but she may maintain it at any time before the daughter is twenty-one,

if she be *entitled* to the services of the daughter at the date of the seduction, though the daughter left her house voluntarily. 3 *Eng. C. L. Rep.*, 445, *Speight vs. Oliviera.* 2 *Kent's Com.*, 213. 2 *Wend.*, 459, *Clark vs. Fitch.* 21 *Do.*, 81, *Hewitt vs. Prime.* 9 *Johns.*, 388, *Martin vs. Payne.* 2 *Greenl. on Ev.*, sec. 572.

2nd. The evidence of Dr. Metcalf is admissible to show the character of the intercourse between the parties, and reflects light back upon their previous conduct. We cannot bring a second suit for damages, but have the right to bring them down to the day of trial. 21 *Wend.*, 81, *Hewett vs. Prime.* 4 *Pet.*, 182, *Wilcox vs. Plummer. Sedgwick on Damages,* 104 to 106.

LE GRAND, C. J., delivered the opinion of this court.

This action was instituted by the appellee against the appellant, to recover damages for the seduction of her daughter, *per quod servitium amisit.*

It appears from the evidence that the daughter was born on the 2nd day of August 1829. The evidence showing an acquaintance between the defendant and the daughter is first found in a letter from him to her, dated the 14th day of July 1847. This letter alludes to previous interviews between the parties, but does not state when they took place. It also alludes to a conversation had in which she expressed a desire to leave her mother's house, and expresses a willingness, if such should be her determination, to provide for her. There is nothing however in the letter intimating there had been any sexual intercourse between them. There was evidence from which it appeared that the daughter had left the house of her mother sometime in the month of July 1847, and gone to the house of a Mrs. McGee, where the defendant visited her.

These facts are sufficient to present the question which lies at the foundation of the suit, which is, whether the mother can maintain the action for the seduction of her daughter?

In the case of *Mercer vs. Walmsley*, 5 *Harr. & Johns.*, 27, the right of the father to maintain the action was fully recog-

nised, whether the daughter be above twenty-one years of age or not, provided, if she be over twenty-one years of age at the time of her seduction, she be in the service of the father. During her minority the father is entitled to command her services, and the law therefore establishes between father and child constructively the relation of master and servant. This doctrine runs through nearly all the cases; but in regard to the mother there has been a great difference of opinion, some of the courts, on the fullest argument and investigation, utterly denying the right of the mother *as such* to sustain this action. It would be unprofitable in the view we have of the case now before us to review the various decisions on this point. The cases will be found very fully collected and commented on in the case of *Bartley vs. Richtmyer*, 4 *Comstock*, 43.

But whatever may be the true character of the guardianship which the common law casts upon the mother, one thing is certain, that during the minority of the child any one standing *in loco parentis*, and she being in their service, may maintain the action. 2 *Carr. & Payne*, 303. 2 *Term Rep*, 4. 11 *East*, 23. 3 *Watts & Seargt.*, 416.

The policy of the legislation of this State in regard to females is, that until they are eighteen years of age they are to be considered minors, and where the mother is left the natural guardian she is entitled to her services, unless under the law the girl be apprenticed to serve at some trade or employment until she arrive at that age. The act of 1834, ch. 228, expressly recognises the mother as the natural guardian of her children, making no distinction between males and females. This act, when taken in connection with the other acts of Assembly fixing the period of eighteen years when a female shall be entitled to her estate, and to which she may be apprenticed, in our judgment, point to the period up to which the mother is entitled to the services of her female children, and we are clearly of the opinion, whatever may be the law elsewhere, that if the daughter be debauched before she is eighteen years of age and she be in the service of the mother, that the latter may maintain an action against the seducer.

In the case before us the girl was under eighteen when she left the house of the plaintiff. The slightest evidence will suffice to prove the relation of servant. There is testimony in the case from which the jury had the right to infer it. The witness, Mrs. McGee, proves distinctly and positively that she had seen the girl working about the house of the mother one year before she left it, and this is all sufficient to raise the presumption.

We think the court improperly granted the first prayer of the plaintiff. It puts it to the jury to find whether the girl was debauched at any time before she was twenty-one years of age. We have already said that we do not consider the mother as entitled to *command* the services of the daughter after she is eighteen years of age, and clearly if the seduction took place *after* she was over eighteen years of age the plaintiff cannot maintain the action. The gist of the action is, that the parent being entitled to the services of the child, is permitted to maintain an action for the loss of those services consequent upon her being debauched. If the girl was not in the service of the mother, and was over eighteen years of age when she was debauched, the mother could not maintain the action, for the very essence of it would be wanting. It would scarcely be contended that if the girl had been bound an apprentice and the time of her indenture had expired, that the mother would be entitled to recover her subsequent earnings; and yet, if this prayer of the plaintiff be correct, such is its effect. We think the second prayer of the plaintiff is erroneous also. It speaks of the minority of the girl without defining what period of time is covered by that term, and therefore was calculated to mislead the jury, the more particularly so as it was granted in connection with the other prayer, in which the term twenty-one years is mentioned as the period up to which the mother was entitled to the services of the girl.

We concur with the court below in the rejection of the prayers of the defendant. The defect in the first prayer is, that it confines the right of recovery of the plaintiff to what

was done by the defendant while the girl was under the roof of the mother. The objection to the second prayer is, that it does not negative the fact that she was induced to leave the house of her mother before she was eighteen years of age. If the girl was induced to leave before she was eighteen years old and her seduction took place afterwards, the mother could recover, because being entitled to her services, and the loss of them being the gist of the action, it was a wrong on the part of the defendant to entice her servant from her duty. The same objection applies to the fourth prayer. In regard to the third, it is only necessary to say there is evidence from which the jury might infer an improper intercourse between the defendant and the daughter of the plaintiff.

We think the testimony of Dr. Metcalf was improperly admitted for the purpose for which it was offered, but think it was admissible in support of the testimony which had previously been given. Whilst what occurred when the girl was twenty-three years of age could not give a cause of action, it might serve to illustrate and explain what took place five years previously. Had the testimony been offered generally it would have been admissible. 6 *Gill & Johns.*, 488.

*Judgment reversed and procedendo awarded.*