Brooke, *et al. vs.* Winters.

---

HORACE L. BROOKE and others *vs.* AIRHART WINTERS.

*Admissibility of Evidence.*

In an action to recover damages from the defendants for depositing large quantities of earth and iron ore in the stream and mill-dam of the plaintiff, and thereby depriving him of a sufficient quantity of water for working his mill, he offered evidence to prove that the defendants had been engaged in mining and washing iron ore since the fall of 1868, about seven–eighths of a mile from his mill-dam, and had filled up the same with mud to such extent as seriously to affect his water power; that for a period of seventeen years prior to the washing of said ore, the mud did not accumulate in the dam over four or five inches; that from the time when the defendants began washing the ore to the institution of the suit, a period of some eighteen months, the mud had accumulated in the dam from twenty to twenty four inches, and had destroyed two feet of his head of water over a portion of his dam, and thereby greatly deprived him of the use of water for working his mill. The defendants thereupon, for the purpose of showing that the plaintiff was not injured, at least to the extent claimed, for the want of sufficient water to work his mill, offered to prove "that shortly after the bringing of the suit the plaintiff took down the mill mentioned in the declaration, and built on the same site a new and much larger mill, which required a much greater capacity of water and that the plaintiff had always had an abundance of water for working his mill." To the admission of this evidence the plaintiff objected. HELD:

That the evidence, though referring to circumstances subsequent to the suit, was properly admissible, being relevant to the issue and capable of explaining it.

Any circumstances that may afford a fair and reasonable presumption of the facts to be tried, are to be received, and left to the consideration of the jury, who are to determine upon their precise force and effect; and whether they are sufficiently satisfactory to warrant them in finding any of the facts in issue.

APPEAL from the Circuit Court for Baltimore County.

This was an action on the case brought by the appellee, against the appellants, in the Circuit Court for Carroll County, and subsequently removed at the instance of the defendants, into the Circuit Court for Baltimore County. The suit was instituted the 30th of April, 1870, and tried in April, 1873. The declaration averred that the plaintiff was possessed of a farm and mill, and entitled to the free and undisturbed flow of a stream of water for working said mill, and for other purposes, and that the defendants deposited large quantities of iron ore in said stream, above the plaintiff's mill and dwelling and stable, thereby discoloring the water, and causing it to flow in a corrupted and discolored condition into the dam of said mill, and near said other buildings of the plaintiff, and so injuring him in the use of said mill and farm. The second count stated that the plaintiff had put up costly machinery in his said mill, and used the water of said stream in the manufacture of whiting, and that the defendants by depositing large quantities of iron ore and earth in the said stream, had so corrupted and discolored the water thereof, as to deprive him of the proper use of his said mill, and had caused him damage in his said mill and business. The third count charged that the defendants had deposited large quantities of earth and mud and iron ore in the stream of the plaintiff, and in the dam of his mill, and greatly filled up and obstructed the same, and thereby injured the plaintiff in his mill and dam, &c.

Two exceptions were taken at the trial by the defendants; the first was not pressed in this Court, and the

second is sufficiently set out in the Court's opinion. The verdict and judgment were for the plaiutiff, and the defendants appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ROBINSON, J.

*John T. Ensor* and *I. Nevett Steele*, for the appellants.

*D. G. McIntosh*, for the appellee.

STEWART, J., delivered the opinion of the Court.

The plaintiff in the third count of his declaration, alleges that he is entitled to the free and undisturbed flow of the water of the stream into his mill and dam; and that the defendants had deposited large quantities of earth, mud and iron ore in the stream and dam, and greatly filled up and obstructed the same, to the injury of his dam and mill, for which he claims damages in this suit.

At the trial the plaintiff to maintain the issues on his part, offered evidence to prove that the defendants have been engaged in mining and washing iron ore since the fall of 1868, about seven-eighths of a mile from his mill-dam, and had filled up the same with mud to such extent as seriously to affect his water-power—that for a period of seventeen years, prior to the washing of the said ore, the mud did not accumulate in the dam over four or five inches—that from the time when the defendants commenced washing ore, to the institution of the suit, some eighteen months, the mud had accumulated in the dam, from twenty to twenty-four inches, and had destroyed two feet of his head of water over a part of the dam, and thus greatly deprived him of the use of water for working his mill—there was also evidence that the mill-dam had not been cleaned out at any time.

These facts were pertinent and material to the issue, and might enable the plaintiff to recover, not merely nominal damages, for the alleged injury, but adequate compensation for the wrong.

The defendants for the purpose of counteracting or modifying the force of this proof, and to show there was not such accumulation of mud, and diminution of the quantity of water and obstruction of the plaintiff in the use of his mill and dam, as alleged; and that he was not injured to the extent claimed, offered to prove "that shortly after the bringing of the suit, the plaintiff took down his mill and built on the same site a new mill, much larger than the old one, and requiring a much greater capacity of water, and that the plaintiff has always had an abundance of water for the working of his said mill."

This evidence was objected to by the plaintiff, and the Court refused to allow it to go to the jury, and this is the ground of the defendants' second exception, and presents the only question for our review. No point in the appellants' brief having been made, as to the defendants' first exception, we have considered it as waived.

Whilst the plaintiff's right to recover was confined in this action to any damage sustained before the institution of the suit, and any evidence offered by him, must be relevant to such damage; and the like relevancy was required as to any evidence, offered by the defendants; there is no rule that excludes proof on either side, simply because it refers to facts existing subsequent to the commencement of the suit.

The rule that excludes facts because they are collateral, does not apply to facts wherever existing, if they may afford any reasonable presumption as to the matter in dispute.

Whether they are facts, before or after the suit, they are admissible, if they may illustrate or explain the question in issue. *Keller vs. Donnelly*, 5 *Md.*, 218; *Lee &*

*Brewster vs. Tinges*, 7 *Md.*, 236; *Lewin vs. Simpson*, 38 *Md.*, 468.

Whether the proposed proof of facts subsequent to the suit, were admissible or not, did not depend upon the time of their existence before or after the suit; but upon their relevancy to the issue and their capability of explaining it. The mere fact, that such evidence referred to circumstances subsequent to the suit, did not, *per se*, render it collateral and inadmissible.

Any circumstances that may afford a fair and reasonable presumption of the fact to be tried, are to be received and left to the consideration of the jury, who are to determine upon their precise force and effect; and whether they are sufficiently satisfactory to warrant them in finding any of the facts in issue. *Phillips Ev.*, 111.

The old mill standing, proof that it had a supply of water from the stream, at any time after the suit, might afford a presumption that it had a like supply before, in the absence of any proof to the contrary. The ground of the presumption would be furnished from the usual connection between facts, and that similar effects may be reasonably inferred from like causes.

It was a natural and legitimate presumption that the stream continued its flow as usual, and that its condition and supply of water were the same after as before the suit; in the absence of proof of facts, to change or modify such conclusion—certainly the institution of the suit could not affect the stream, or its natural supply of water.

The proposed testimony as to the erection of the new mill upon the old site, larger and requiring a greater volume of water, and its abundant supply, might afford some presumption as to the supply furnished to the old mill, unless it were shown that the new mill had other or additional sources of supply; or that its supply was the result of other causes than the ordinary flow of the stream.

In such case there would be less, or no ground for the presumption.

But it was the province of the jury to determine from such proof, considered with the other facts in the case, how far the supply of water to the old mill was affected ; or to what extent diminished by any obstructions of the defendants before the institution of the suit.

> *Judgment reversed, and*
> *new trial ordered.*

(Decided 17th February, 1874.)

BARTOL, C. J., dissented.