## DOUGLAS KAY ET AL., *v.* STATE OF MARYLAND
[No. 49, April Term, 1934.]

*Decided June 13th, 1934.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Robert Moss* for the appellants.

*William Preston Lane, Jr., Attorney General, G. C. A. Anderson, Assistant Attorney General,* and *A. Theodore Brady, State's Attorney for Anne Arundel County,* for the State.

PATTISON, J., delivered the opinion of the Court.

In this case four persons, including the appellants, were jointly indicted for the violation of article 27, section 482, of the Code of Public General Laws of Maryland.

The indictment contained four counts. A demurrer, filed to each and all of the counts thereof, was overruled. Upon the entry of the plea of "not guilty," the case was tried before the court, and defendants were found "guilty" upon the first and second counts, and "not guilty" upon the third and fourth counts. They were duly sentenced, and the two defendants Douglas Kay and E. R. Watson, the appellants, entered this appeal.

The section in the article of the Code mentioned, for the violation of which they were found guilty, provides that, "If a person shall be apprehended having upon him any picklock, key, crow, jack, bit, or other implement, at places and under circumstances from which an intent may be presumed feloniously to break and enter into any dwelling house, warehouse, storehouse, stable or outhouse * * * every such person shall be deemed a rogue and vagabond, and on being convicted thereof shall be sentenced to the penitentiary for not less than one month nor more than two years, or to imprisonment in jail, at the discretion of the court, for a like term."

The first count of the indictment, one of those under which the defendants were found guilty, was in these words: "The Jurors of the State of Maryland, for the body of Anne Arundel County, do on their oath present that E. R. Watson, Douglas Kay * * * on the 26th day of January, in the year nineteen hundred and thirty-four, at the county aforesaid, were then and there apprehended and taken into custody by D. Donnelly, who was then and there a police officer of said county, then and there acting in the due discharge of his duty as such police officer * * * and that at the time the said E. R. Watson, Douglas Kay * * * did then and there have upon and about him and their person, a certain jimmy, and certain other implements and offensive weapons * * * the said E. R. Watson, Douglas Kay * * * having then and there an intent feloniously to break and enter a certain storehouse of the Atlantic & Pacific Tea Company, situated at Glen Burnie. * * *"

It will be seen that the charge laid in the indictment is substantially in the language of the statute. In *Bosco v. State,* 157 Md. 407, at page 409, 146 A. 238, Judge Adkins, speaking for this court, said: "Whatever may have been decided elsewhere, it would seem that in this State it is not open to question that a statutory offense is sufficiently charged, if the indictment is laid in the language of the statute. * * *"

The objection urged against the indictment is that, by the use of the words "the said E. R. Watson, Douglas Kay * * * did then and there have upon and about him and their person a certain jimmy and certain other implements and offensive weapons," it is not shown "which one of the four is designated as 'him' and which three are designated as 'them.'" It is suggested by the appellants that it should have been alleged that a certain one of the defendants had in his possession or about him a certain jimmy, while the others were with him and confederating with him for the purpose of using it in committing the crime, with which they were charged and convicted.

The offense in this case, with which the parties were

charged, was their intent feloniously to break and enter a certain storehouse therein mentioned, and their guilt was presumed from the fact of having in their possession, at the place and under the circumstances mentioned, the article named. It was a joint offense and one for which they could be jointly indicted. They were together and co-operating in their movements, and it was sufficient if the articles mentioned were in the possession of one or more of them, for the possession of one was, under the circumstances, a constructive possession of all, and it was not essential that the possession of the articles should have been stated with greater particularity.

If the indictment had said that the defendants, naming them, "did then and there have upon and about their persons a certain jimmy and certain other implements and offensive weapons," omitting the words "him and," it could hardly be said that the indictment would have been bad, though the possession of the articles was not set out with greater particularity by designating the particular defendants in whose possession they were found, and, if this be so, the insertion of the words mentioned would not, we think, render the indictment defective.

It would, we think, be extremely technical to hold the objection here made as sufficient to invalidate the indictment. In *State v. Shelton,* 223 Mo. 118, 122 S. W. 732, 735, the court said: "The information * * * sufficiently charges the offense of which the defendant was convicted. While perhaps the form of the information wherein it is charged that the offense was committed with an ax, 'which they, the said Frank Shelton and Henry Killion in their hands then and there had and held,' is not to be commended, such defect does not render the indictment fatally defective." See *State v. Johnson,* 255 Mo. 281, 164 S. W. 209.

As the first count of the indictment, under which the defendants were convicted, was, in our opinion, valid, we will affirm the judgment of the trial court.

*Judgment affirmed, with costs.*