## FRANTOM ET AL. *v.* STATE

[No. 143, October Term, 1949.]

*Decided April 14, 1950.*

The cause was argued before MARBURY, C. J., COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Joseph W. Scholz* for the appellants.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *James C. Morton, State's Attorney for Anne Arundel County,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by William Frantom and James Hutton, appellants, from convictions in four separate cases of violations of the statutes against Lotteries, Article 27, Sections 409, 410 and 411, 1939 Code.

Article 35, Section 5, 1939 Code, commonly known as the Bouse Act, makes evidence inadmissible in the trial of a misdemeanor procured by any illegal search or seizure or any search and seizure prohibited by the Declaration of Rights of this State. By Article 27, Section 306, 1939 Code, authorization is given to any judge of the Supreme Bench of Baltimore City or to any judge of any of the Circuit Courts in the Counties,

or to any Justice of the Peace in this State, to issue search warrants upon a showing of probable cause, by sworn application in writing that a misdemeanor or felony is being committed in the premises sought to be searched. The basis of the probable cause is to be set forth in writing in the application. If "there is no probable cause for believing the existence of the grounds on which the warrant was issued, said judge must cause it to be restored to the person from whom it was taken." It is stipulated in these cases now before this Court that a motion was made to quash the search warrant and to suppress and return all evidence secured thereby on the grounds that the application did not show probable cause. The appellants also objected to the introduction in evidence of the articles secured by the search warrant and to the testimony of each witness for the State.

The affidavit and application made by George W. Rawlings, Chief of Police of Annapolis, for the search warrant, alleges that there is probable cause to believe that a misdemeanor is being committed in that the law in relation to lotteries and gambling is being violated in the premises known as 10 Market Space owned by William Frantom, operated and used as a pool room, with apartments on the second floor, licensed to James Hutton "and your affiant believes founded upon long experience with such violations that a *Lottery and Gambling* is being conducted on such premises. * * * On September 17, 1949, Officer J. W. Moreland while on Patrol, did see *several known gamblers,* enter this establishment, those known to Officer Moreland, are William E. Frantom, Oliver Clark, 'Reds' Lewis, also noticed several colored men enter and leave the building, between the hours 12:30 P.M. and 1:30 P. M. On September 19-20-21, 1949, on these days the activities were checked by the affiant and Officer Moreland, and the above activities were still in evidence." The search warrant issued the next day by the judge recites that it appears to him from the application of Chief George W. Rawlings that there is probable cause to believe that a misdemeanor

"to wit: *Gambling, Lottery, Bookmaking, Lottery on Horse Racing results*" is being committed at the premises described in the application (reciting the facts set forth in the application) and authorized the search of the premises described in the application.

The appellants contend that the facts set forth in this application for the search warrant and in the search warrant itself did not show probable cause for believing that a lottery and gambling were being conducted in the premises described therein. Probable cause in search warrant cases has been discussed many times by this Court. It has been frequently pointed out that if the facts and circumstances are such as to warrant a man of prudence and caution in believing that the offense has been committed, that is sufficient. The requirement is less than certainty or proof, but more than suspicion or possibility. *Goodman v. State,* 178 Md. 1, 9, 10, 11 A. 2d 635; *Riley v. State,* 179 Md. 304, 312, 18 A. 2d 583; *Wood v. State,* 185 Md. 280, 285, 44 A. 2d 859; *Smith et al. v. State,* 191 Md. 329, 338, 62 A. 2d 287, 291, 5, A. L. R. 2d 386, and cases there cited.

In the case of *Wood v. State,* 185 Md. 280, 283-284, 44 A. 2d 859, 862, *supra,* the affidavit filed for the purpose of obtaining a search warrant for a property in which the affiant believed a lottery was being conducted, related that the officer observed the premises, a lunch room, on four consecutive days and observed at least fifty colored people enter the lunch room on those four days and stay for only two or three minutes. On two days a colored man wearing a white restaurant apron came to the door, looked up and down the street several times, and then went back to the lunch room. The lottery required that the slips be collected by certain persons designated as runners and writers and then returned to the person operating the game. The affiant believed. the persons entering and leaving the lunch room were runners and writers engaged in conducting a lottery. In holding that the facts set forth in the affidavit did not show probable cause for believing the existence of the

grounds on which the warrant was issued, this Court through Judge Markell pointed out that this was a border-line case and that the people entered the restaurant during the morning hours and did not stay long enough for a meal. Further, that it was common knowledge "that most of the patrons of a 'drug store' buy anything but drugs." The restaurant might "sell soft drinks, tobacco, candy and other things and may serve few meals before lunch hours."

It could hardly be seriously argued in the cases at bar that seeing several known gamblers enter and leave a pool room on four days between the hours of 12:30 p.m. and 1:30 p.m. was sufficient to warrant a man of prudence and caution in believing that a lottery and gambling were being committed in the premises. These facts might show such a possibility but possibility is not enough. A man of prudence and caution might well believe that when gamblers enter a pool room in the day-time they are entering the premises for the purpose of playing pool, to loaf, or merely to pass away the time. The facts in this case by no means present as strong a belief of probable cause as those in the case of *Wood v. State, supra.* We are of the opinion that the facts stated in the application and in the warrant did not show proba-ble cause that lotteries and gambling were being con-ducted in the premises searched. The motion to quash the search warrant should have been granted and the articles seized thereby should not have been offered in evidence and all testimony with reference thereto should have been excluded.

Appellee contends that as the premises were leased by the owner Frantom to Hutton there is no showing that Frantom was the lawful occupant of the premises and therefore he has no such interest as entitles him to the constitutional provisions against unwarranted search and seizure. *Baum v. State,* 163 Md. 153, 156, 157, 161 A. 244; *Frankel v. State,* 178 Md. 553, 562, 16 A. 2d 93; *Bevans v. State,* 180 Md. 443, 448, 24 A. 2d 792; *Leon v. State,* 180 Md. 279, 286, 23 A. 2d 706, *certiorari* denied,

*Neal v. State of Maryland,* 316 U. S. 680, 62 S. Ct. 1107, 86 L. Ed. 1753; *Resnick v. State,* 183 Md. 15, 18, 36 A. 2d 347. In the very recent case of *Kapler v. State,* 194 Md. 580, 71 A. 2d 860, 863, the contention was made that as Kapler, the owner of the garage searched, had rented it to someone else he had no such interest in the premises sufficient to justify him in making the motion to quash the evidence obtained as a result of the raid, or to object to its admission in evidence against him. This Court, after a review of authorities stated: "A garage, like a filling station or a tourist cabin, or any other building, may contain evidence, not only against the lessee, but against the owner, and the latter, on trial, has such an interest that he may object to evidence produced by what he claims to be an unlawful search of his property."

As there was evidence in the cases in addition to that obtained by the search warrant the judgments will be reversed and the cases remanded for new trials.

*Judgments reversed, and new trials awarded.*