PEGRAM *v.* STATE

[No. 68, October Term, 1953.]

*Decided January 13, 1954.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*William J. O'Donnell,* with whom was *Joel J. Hochman* on the brief, for appellant.

*Charles McC. Mathias, Jr., Assistant Attorney General,* with whom were *Edward D. E. Rollins, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City* and *J. Harold Grady, Assistant State's Attorney,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

John Pegram was convicted of possession of lottery tickets and paraphernalia, in a trial by the court without a jury, and sentenced to pay a fine of $1,000 and imprisonment for one year. On this appeal he challenges the search warrant under which the evidence was obtained, on the grounds that it was issued without probable cause shown and that its commands were so broad as to make it a general warrant. He also contends that the court erred in refusing to consider the sworn statements in his motion to quash the search warrant and for return of the property seized.

The allegations of the warrant and supporting affidavit were, that Officers Mina and Drexel, on November 24, 1952, at 12:25 P.M., observed "a colored man who was described as being about 28 to 30 years of age, about 5 feet 10 inches tall, weighing about 170 pounds, * * * standing out on the sidewalk in front of 1110 Hull Street when he was approached by another colored man who gave him a slip of paper and said, 'I want to play 164 combination for a quarter apiece'. The described colored man accepted the said slip of paper and also some U. S. currency and then entered the Union Hall at 1110 Hull Street. About 12:55 P.M., the described colored man came out of the Union Hall * * * and again took some U. S. currency and slips of paper from a colored man and walked to a pea-green 1951 Ford sedan automobile bearing Maryland License No. 97-355. The described colored man drove from the vicinity in this said automobile." It was further alleged that "the lottery carried on and known as 'numbers' requires that the play or slips be collected by certain people designated as runners and writers and returned to the person or corporation conducting the game."

The warrant authorized Sergeant Klump, the affiant, with his assistants, (1) to enter and search the automobile described, license number 97-355, listed to one John Pegram; (2) "and search the pockets of the

clothing of all persons found in the said automobile, who are actively engaged in the unlawful operation of conducting or playing lottery, or who may be found to have lottery paraphernalia in their possession, for lottery books, lottery slips, lottery tissues, lottery adding machine ribbons, lottery syndicate cards, adding machines, and any other paraphernalia used in the unlawful operation of a lottery, and the monies used to play thereon"; and to bring the property seized before some Police Justice of the city to be dealt with according to law; (3) "also the body of the said colored man who is previously described * * *; and (4) all other persons found to be violating the lottery laws, who are actively engaged in the unlawful operation of conducting or playing lottery, or who may be found to have lottery paraphernalia in their possession."

We think probable cause was shown for the search of the automobile and the man described. The observation of the officers as to the passage of slips and money on the first occasion, accompanied by words clearly indicating the placing of a bet, pointed unmistakably to a lottery transaction; and the fact that a similar transaction was observed a half hour later would permit the inference that the second transaction was of the same character as the first. The case of *Frantom v. State*, 195 Md. 163, relied on by the appellant, is distinguishable, for there the only allegation was that "known gamblers" were seen to enter a pool room, without any allegations of overt acts. The observation that the man described then entered the automobile, in connection with the expert knowledge of the officers as to the nature of lottery operations, would support the inference that the automobile was being used to transport illegal paraphernalia then in his possession, in furtherance of the enterprise. Cf. *Chernock v. State*, 203 Md. 147, 99 A. 2d 748, and cases there cited. *Giordano v. State*, 203 Md. 174, 100 A. 2d 31, is not to the contrary. There, on somewhat similar allegations, we assumed, "without deciding, that there was not sufficient probable cause

shown in the application for the warrant to justify the instructions to search the automobile," but nevertheless held that the warrant authorizing the search of the man was valid.

On the following day, Sergeant Klump, accompanied by Officers Mina and Drexel, stopped the automobile bearing license number 97-355 and made a search. The driver of the car identified himself as John Pegram, in whose name the car was licensed. Pegram is a negro, 38 years of age, 6 feet 1 inch tall, weighing 204 pounds. It was admitted by Sergeant Klump at the trial that he did not fit the description of the man described in the warrant, nor did either of the other two men in the rear seat of the car at that time. Pegram readily admitted that he had lottery paraphernalia in the car; there was in fact a brown paper bag in the front of the car at his feet. The officers looked in the bag and found slips, books, tapes and other indications of a total play in excess of $1,000. Officer Mina then searched Pegram and took an envelope from his hip pocket containing lottery slips. Other paraphernalia were found in the glove compartment of the car. Pegram said he was just giving a lift to the other men and they were not charged.

If we assume, without deciding, that the third command in the warrant would not justify the arrest of Pegram, either on the ground that he was not the man described, or on the broader ground that the description was not sufficiently particular, the assumption cannot aid the appellant. The case of *Martini v. State*, 200 Md. 609, 92 A. 2d 456, is directly in point. We there held that authority to search an automobile was not vitiated by the inclusion of a direction to search a person whom we assumed, without deciding, to be not described "with reasonable particularity." We said that the case was ruled by *Saunders v. State*, 199 Md. 568, 572. Cf. *Giordano v. State, supra*. In short, we are committed to the proposition that directions to search an automobile and a person, combined in one warrant, are separable. In

the instant case the first command of the warrant, to search the automobile, was valid, because based on probable cause and particularly described. Likewise the second command, as to persons found therein actively participating in the unlawful operation, is clearly sustainable. Acting upon these commands, the officers found in the automobile evidence of lottery law violations, plainly incriminating Pegram, the owner in possession. At this point they could properly arrest and search him, regardless of whether the warrant for his arrest was invalid, or even without any warrant for his arrest at all.

What we have said as to the third command of the warrant also applies to the fourth, which is attacked as so sweeping in its direction to search "all other persons found to be violating the lottery laws" as to constitute a general warrant. If we assume, without deciding, that the direction is not limited to persons found violating those laws in the described automobile, and that it is invalid, still it cannot operate to vitiate the valid commands, under the authorities cited.

The appellant finally contend that the court erred in refusing to consider the facts alleged, under affidavit, in his motion to quash the warrant. These allegations, so far as here relevant, were that Pegram was of an age, height and weight different from the person described in the warrant; that he was not operating his automobile on November 24 but had granted permission to use his automobile to another man, "who could be the person described in said warrant"; that one of the officers who stopped the car on November 25 admitted that Pegram "is not the man who was driving the car yesterday."

The appellant strongly urges that we should reconsider the rule announced in *Smith v. State,* 191 Md. 329, 334, in the light of the subsequent adoption of Rule 3 (b) (1) and (4) of the Criminal Rules of Practice and Procedure. He argues that sworn statements of fact in an application for a search warrant should be open to

contradiction where the motion is made before trial, and cites *Howard v. State,* 199 Md. 529, as an example. The State, on the other hand, cites *Goss v. State,* 198 Md. 350, 354, *Adams v. State,* 200 Md. 133, 139, 88 A. 2d 556, 559, and *Harris v. State,* 203 Md. 165, 99 A. 2d 725, as confirming the rule as settled law. We find it unnecessary to reconsider the rule in the instant case. It may well be, as the appellant contends, that it is inapplicable where the facts alleged in support of the motion do not contradict any fact relied on in the application, or are conceded by the State.

It is not entirely clear from the record whether the trial court considered the allegations of fact in the motion or not. The motion was before him, and there was no proffer of testimony or ruling by the court excluding the statements. But if we assume, without deciding, that the allegations should have been considered, it could not alter the result. The whole purport of the allegations was that Pegram was not the man described in the warrant. The motion admitted that the man described "could be" the man to whom he had loaned his car. If Pegram was not the man described in the warrant, this would afford no basis for quashing the warrant as to the man described, even if it were wholly invalid as to such man, for want of particularity. It is well settled that a person attacking a warrant must set up a violation of his own rights, not those of another. *Saunders v. State, supra,* and cases cited. Sergeant Klump admitted at the trial that there was a great dissimilarity between the physical appearance of the man seen to enter the car on November 24 and Pegram, and it became clear at that point that the State could not rely upon the description in the warrant to justify Pegram's arrest. To bring this out at an earlier stage of the case would not require either that the warrant be quashed as to Pegram, whom the warrant did not describe, or that the evidence found in the car and on his person be returned, for, as we have pointed out, this evidence was obtained through a valid search of the automobile

and persons found therein actively engaged in the unlawful operation, a description applicable to Pegram as the owner in possession, even though there was nothing in the warrant to justify his arrest as the man described. Thus, in any view of the case, we think the motion was properly denied.

*Judgment affirmed, with costs.*