### STATE *vs.* CALVIN E. KNOWLTON.

Waldo. Opinion September 10, 1879.

*Complaint. Misnomer.*

The description of the place to be searched by a search and seizure process is sufficient when the complaint alleges that intoxicating liquors are left and deposited "in a certain wagon on the fair grounds on the easterly side of Union Hall in Searsport," etc.

A misnomer is only pleadable in abatement.

ON EXCEPTIONS.

CASE stated in the opinion.

*G. E. Johnson,* county attorney, for the state.

*W. H. Fogler,* for the defendant, contended that:

I. The "premises" or "place" to be searched are not "described and specifically designated," as required by art. 1, § 5, of the constitution of this state, and by R. S., c. 27, § 35.

" A certain wagon on the fair ground," neither " describes nor specifically designates" any "place" or "premises." The wagon is not described in any manner. There might be a hundred wagons on the fair ground.

The complaint and warrant are therefore defective and should be quashed. *State v. Robinson,* 33 Maine, 570. *Jones v. Fletcher,* 41 Maine, 254. *State v. Grames,* 68 Maine, 418.

2. The respondent is not sufficiently designated in the complaint. His christian name is not given. " C " is not a name. If his name was unknown it should have been so alleged in the complaint. So loose a method of pleading should not be encouraged.

This is not a case of misnomer of which advantage can only be taken by plea in abatement; but a case in which the name of the person accused is not set forth, and demurrer, or motion in arrest of judgment, is the proper remedy.

APPLETON, C. J. This is a search and seizure process to which the defendant filed a general demurrer, to the overruling of which exceptions have been filed.

The ground relied upon is that the place to be searched is not specifically designated.

The allegation in the complaint is that intoxicating liquors are kept and deposited "in a certain wagon on the fair ground on the easterly side of Union Hall, in Searsport," etc.

A place is described. It is so clearly described that the wagon on the fair ground on the easterly side of Union Hall was found with the liquors therein intended to be sold in this state in violation of law, together with the defendant so intending to sell them. The description was such as enabled the officer to bring the offender before the court, and when there he admitted by his demurrer every material allegation in the complaint. *Com.* v. *Intoxicating Liquors,* 107 Mass. 386–392.

A misnomer of a defendant is only pleadable in abatement. It cannot be taken advantage of in arrest of judgment. 1 Chit. Pl. (14 Am. ed.) 451. Where defendants are sued by their sirnames alone, the omission can only be taken advantage of by plea in abatement. *Seeley* v. *Boon,* Cox (N. J.) 138. A misnomer is waived by a failure to plead it or by a default. *Bank* v. *Jaggers,* 31 Md. 38. The objection that the accused is wrongly named is too late after arraignment. *Wilcox* v. *State,* 31 Tex, 586.

*Exceptions overruled.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.