STATE OF IOWA v. C. R. MOORE, Appellant.

**Service of process:** RESISTANCE: SUFFICIENCY OF INDICTMENT. An
1   indictment for resisting an officer in attempting to serve a search warrant, which alleges that the warrant was issued by a justice of a certain township and county, and commanded any officer of the county to make search on the person or dwelling house and barn or other out buildings of the defendant in a certain township and range, for about ten bushels of corn and three or four bushels of oats, sufficiently identified the process, service of which is alleged to have been resisted.

**Search warrant:** DESCRIPTION OF PLACE. A description in a search
2 · warrant, which points out or identifies the place to be searched with such reasonable certainty as will obviate any mistake in

locating it, is all that the constitution or statute requires. In the instant case, the description is held sufficient.

**Search warrant:** SURPLUSAGE. Where the search warrant directed the search of certain premises for the discovery of grain, the further provision commanding the search of the person of the defendant should be regarded as surplusage.

**Service of process:** RESISTANCE: SENTENCE. Where the resistance to the service of a search warrant was shown to be violent, a sentence of four months' imprisonment in the county was not excessive.

*Appeal from Winneshiek District Court.*— HON. A. N. HOB-SON, Judge.

TUESDAY, DECEMBER 13, 1904.

THE defendant was convicted of having knowingly and wilfully resisted an officer in attempting to serve a search warrant, and appeals.— *Affirmed.*

*M. A. Harmon* and *F. S. Burling,* for appellant.

*Charles W. Mullen, Attorney General,* and *Lawrence De Graff, Assistant Attorney General,* for the State.

LADD, J.—The indictment charged defendant with knowingly and wilfully resisting an officer in the service of a search warrant issued by G. W. Esty, Jr., a justice of the peace in and for Bloomfield township, Winneshiek county, Iowa, commanding " any officer of Winneshiek county, Iowa, to make search on the person of or dwelling house and barn or other out-building of said C. R. Moore in section 2, township 96, range 7, for about ten bushels of corn and three or four bushels of oats claimed to be owned by one Wm. Martens." This identifies the process the service of which is alleged to have been resisted, and that is all that was required in the indictment. The affidavit and search warrant corresponded therewith in so far as to indicate that they

1. SERVICE OF PROCESS: resistance; sufficiency of indictment.

were the papers referred to, and, as the descriptions of the premises to be searched contained in the same in no manner conflicted with that of the indictment, they were rightly received in evidence.

The objection interposed was that the description in the search warrant was not sufficiently definite to meet the requirement of section 5550 of the Code and section 8 of article 1 of the Constitution, exacting that the place be "particularly described." It was designated in the affidavit " the dwelling house or outbuildings of said C. R. Moore situated in Bloomfield Township in said county in which the said Moore so resides with his family," and was entitled as in Winneshiek county, State of Iowa. The warrant was entitled the same as the affidavit, and commanded immediate search " on the person of or the dwelling house and barn or other out-building of the said C. R. Moore in section 2, township 96, range 7, for the following property; about ten bushels corn and three or four sacks oats." The place to be searched, then, was his dwelling and outbuildings, and these were located by the affidavit in the township, and by the warrant on a particular section. The dwelling house of a man is the house in which he dwells. He may or may not own it. He may own others and rent them, but no one would construe one of these to be intended by a search warrant commanding a search of his dwelling house. Moreover, the evidence showed that he had no other residence in the township. The warrant, then, described the place with such particularity that it could not have been mistaken. A description which points out or identifies the place to be searched with such reasonable certainty as will obviate any mistake in locating it is all the Constitution or statute requires. Thus, in *State v. Thompson,* 44 Iowa, 399, the place was designated in the warrant as " premises at Strawberry Point in Clayton county, Iowa, known as Clark Thompson's saloon," and was unhesitatingly held sufficient. In *Metcalf v. Weed,* 66 N. H. 176 (19 Atl. Rep. 1091), the

2. SEARCH WARRANT: description of place.

" premises now occupied by Parker Metcalf, situated in Haverhill," were ordered searched, and the court declared that as the description was not insufficient on the face of the warrant, and the evidence showed that Parker was the reputed occupant of the place searched, the description might be found sufficient. In *Wright v. Dressel,* 140 Mass. 147 (3 N. E. Rep. 6), the officer was directed to search " the house and premises mentioned in the above complaint," and the language of the complaint was, " the house and premises of Elias Dressel of Granby, in said county of Hampshire," and it was held that the description should be construed as meaning the house occupied by Dressel, rather than one owned by him, and was sufficiently definite. In *Dwinnels v. Boynton,* 3 Allen 310, " the dwelling house of Proctor Dwinnels of Rowley in said county " was adjudged specific enough, in that the town in which the dwelling house was situated was stated, and such house singled out as that of Dwinnels. To the same effect, see *Humes v. Tabor,* 1 R. I. 464, 471. See, also, *State v. Snow,* 3 R. I. 64; *State v. Knowlton,* 70 Me. 200; *Lowry v. Gridley,* 30 Conn. 450. The place to be searched was sufficiently identified.

Of course, there was no ground for directing the search of the person of Moore, and nothing in the record indicates that the officer entertained any such purpose. Indeed, it is absurd to suppose that the corn and oats were concealed on his person, and that portion of the warrant was properly regarded as surplusage.

3. SEARCH WARRANT: surplusage.

II. The sixth paragraph of the charge was not open to the criticism that it authorized conviction in the absence of knowledge on defendant's part that the constable had a warrant. Had a more specific instruction been desired, it should have been requested.

There was no abuse of discretion in overruling the application for a change of venue. The evidence was such that we ought not to interfere with the verdict, and the sentence of four months' imprisonment

4. SERVICE OF PROCESS: resistance; sentence.

in the county jail, in view of the violence of the resistance ought not to be adjudged excessive.— *Affirmed.*