## MACCIENO v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. October 8, 1925.)

No. 4325.

1. **Criminal law ☞1144(½)—Presumed that search was made under valid one of two search warrants.**

Where officers had in their possession two search warrants, one of which was defective, and return on each showed execution of warrant and search made, it will be presumed that officers were acting under valid warrant when search was made; the arresting officer testifying that he offered defendant "a search warrant, and he said he didn't care for it."

2. **Intoxicating liquors ☞—248—Affidavit for search warrant, stating that property was being used for possession and sale of liquor, held sufficient, and rendered evidence procured thereunder admissible.**

Statement in affidavit for search warrant that property described was being used for unlawful possession and sale of liquor was an allegation of fact, and affidavit was sufficient to justify the issuance of warrant, which, being valid, rendered evidence procured thereunder admissible.

3. **Criminal law ☞984—Fine under count included in offense charged in another count on which sentence was imposed held improper.**

In prosecution for possession and sale of intoxicating liquor, where conviction on count 2 was included in offense charged in count 3, on which sentence was imposed, a fine should not have been imposed under count 2.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Rosario Maccieno was convicted of an offense, and he brings error. Modified and affirmed.

Harry F. Glick, of Cleveland, Ohio, for plaintiff in error.

A. E. Bernsteen, U. S. Atty., and Fred Grabien and D. C. Van Buren, Asst. U. S. Attys., all of Cleveland, Ohio.

Before DONAHUE and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

PER CURIAM. [1] This proceeding in error challenges the validity of the evidence on which defendant was convicted on each of four counts of a criminal information. The evidence was procured under a search made April 24, 1924, by officers who had in their possession two warrants, one of which was issued April 23d and the other April 24th. A copy of neither was given to defendant, though the arresting officer testified that he offered defendant "a search warrant, and he said he didn't care for it." Upon each of the warrants a return was made, showing that it was executed and the search made thereunder. Both were introduced in evidence by the defendant on his motion to suppress the evidence. The second warrant was defective, but the first complied with the requirements of the applicable statutes, and in view of the return thereon it will be presumed that the officers were acting under it when the search was made.

[2] The affidavit for the warrant stated that

the property described was being used for "the unlawful possession and sale of liquor, to wit, whisky, spirits, etc., containing one-half of 1 per cent. or more of alcohol by volume for beverage purposes." This was an allegation of fact, unlike the affidavit in Staker v. U. S. (C. C. A.) 5 F.(2d) 312, which alleged "that the affiant had reasonable ground to believe and did believe that intoxicating liquors were being sold, manufactured, disposed of, or illegally possessed in the house of the defendant." A majority of the court think the affidavit was sufficient to justify the issuance of the warrant, which, being valid, rendered the evidence procured thereunder admissible.

[3] The fine assessed under count 2, however should not have been imposed, because the conviction on that count was included in the offense charged in count 3, upon which sentence was imposed. Reynolds v. U. S. (6 C. C. A.) 280 F. 1.

The judgment is affirmed as to the first, third, and fourth counts, but the fine imposed under count 2 will be set aside.

DONAHUE, Circuit Judge. I concur in the judgment of affirmance, but for reasons other than those stated in the majority opinion.

It appears from the evidence that, when the defendant opened the door of his apartment in response to the officer's knock, Officer Plappert said to him, "I believe you have got a still here." To this the defendant replied, "Yes; that is it upstairs in the attic." Whether this was said before or after the officer told defendant that he had a search warrant, and the defendant replied, "I don't care for it," is unimportant, for the reason that the defendant further stated to the officers, in substance, that he had sold about 200 gallons of whisky at $3.50 a gallon; that the customers came there after the liquor; that he had purchased the still from some unknown person for $70, and then offered to bribe the officers.

There is no contradiction in this record of the testimony of the officers in reference to the defendant's statements made at the time of search and seizure, and so far as it appears from this record, these admissions of guilt by the defendant were purely voluntary, and conclusive proof of defendant's guilt.

For this reason the evidence of the officers in reference to the still and whisky found in the defendant's possession could not have been prejudicial, regardless of the validity or invalidity of one or both of the search warrants. The still and whisky found by the officers in defendant's possession were not offered in evidence.