JOHN DI IORIO *vs.* WILLIAM H. CONSIDINE & CO., INC. *et al.*

JUNE 26, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an appeal from a final decree of the Superior Court dismissing the bill of complaint which sought to enjoin respondents from proceeding with the levy of an execution upon complainant's real estate. The appeal is based upon the grounds that the decree is against the law and the evidence.

On October 5, 1929, a writ of arrest returnable to the District Court of the Sixth Judicial District was issued in an action of trover brought by respondent William H. Considine & Co., Inc., hereinafter called the respondent company, against one Frank De Sisto. The writ was served by arresting De Sisto who was released when John Di Iorio, the present complainant, signed the writ as bail. The case was answered and on December 2, 1929, a judgment was entered for the plaintiff therein for $230.68 and costs. Execution was issued and by letter of August 5, 1930, the bail was notified of this fact but addressed as Di Orio. On October 11, 1930, the sheriff returned the execution *non est inventus*. The defendant made no payment and about October 16 a letter was written to Di Orio which was not answered.

On October 24 a writ of *scire facias* against the bail was issued returnable to said district court. In this writ the plaintiff was the present respondent company and the defendant was named as John Di Orio. This writ was delivered to the sheriff for service, and the return states that personal service was made upon the defendant by a deputy sheriff, who testified that he served the writ upon the defendant at 189 Atwells avenue, the address which appeared on the face of the writ. The present complainant, Di Iorio,

testified that he was the only party by the name Di Iorio, or Di Orio, living at said address.

Two days after this writ was served Di Iorio and De Sisto called at the office of the respondent company's attorney, where some arrangement was made regarding the settlement of the claim by De Sisto; but as this was not carried out—two or three small payments only being made—said attorney wrote Mr. Di Orio advising him that as payments were not being made he was going ahead with the case. On February 25, 1931, judgment was entered in the *scire facias* action and an execution bearing the same address as the writ was issued and delivered to the sheriff for service. According to the sheriff's return, demand was made upon Di Orio, but the execution remained unsatisfied.

On July 1, 1931, an alias execution was issued and was levied by Harry E. Fiske, a deputy sheriff who is one of the present respondents, upon the real estate of John Di Orio standing in the name of John Di Iorio. In September, 1931, Di Iorio filed a motion in the district court asking that said judgment be vacated and service of the execution stayed. This motion was heard and denied. Thereafter, notice of a sale under the above-mentioned levy was advertised to take place on December 19, 1931.

The bill in this cause was filed and a restraining order was entered on December 17, 1931. At the trial Di Iorio testified that the first knowledge he had of any proceeding against him was about September 1, when his attention was called to the fact that his property was being advertised for sale, and that he requested his attorney to have the judgment against him vacated. He further testified that, while in all business matters he always spelled his name Di Iorio, in order to avoid confusion he had listed his name in the telephone directory as both Di Iorio and Di Orio.

By the present proceedings the complainant seeks relief through an injunction restraining respondents from further proceeding in the levy of the execution obtained in the *scire facias* action on the ground that the action was brought

and the judgment obtained against John Di Orio, whereas the defendant's real name is John Di Iorio; and that neither the original writ nor any subsequent process in the *scire facias* action was served upon complainant Di Iorio.

As the names Di Orio and Di Iorio—though differently spelled—are *idem sonans*, for the purpose of legal proceedings they are "to be regarded as the same." 45 C. J. (Names) §§ 19-22; 47 C. J. (Parties) § 323; *State* v. *Barrette*, 124 Atl. (R. I.) 657; *State* v. *Knowlton*, 70 Me. 200.

It is apparent from the record that complainant's prayer for relief is based upon the fact, not that his name was misspelled, but that, despite the sheriff's return to the contrary, no service was made upon him. On this issue the trial justice found that complainant had not sustained the burden of proving that the writ was not served upon him, and an examination of the record leads to the conclusion that this finding was sustained by ample evidence.

The only questions before us in the present appeal are those raised at the hearing in the court below. *Jones* v. *Henault*, 20 R. I. 465; 3 C. J. Appeal & Error §§ 584-589. As these have been resolved in favor of the respondents, the complainant's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Frank H. Wildes*, for complainant.
*Raymond & Semple, Harold R. Semple*, for respondent.