## CURRERI *v.* STATE

[No. 61, October Term, 1951.]

*Decided January 10, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Reuben Raport*, with whom was *Elliott W. Deane*, on the brief, for appellant.

*Kenneth C. Proctor*, Assistant Attorney General, with who were *Hall Hammond*, Attorney General, *Anselm Sodaro*, State's Attorney for Baltimore City, and *Charles E. Orth, Jr.*, Assistant State's Attorney, on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Joseph Curreri was tried and convicted of bookmaking in Baltimore City in the rear of 3057 West North Avenue, at its intersection with Rosedale Street. Sergeant McKenna, with other officers, went there on April 6, 1951, armed with a search warrant which was subsequently ruled invalid by the trial court. He testified that on the Rosedale Street side there is an outdoor fruit stand covered by an awning; behind the stand is "one room that belongs to the fruit stand", containing some produce. There is no doorway from the room into any other part of the house. People enter the room to purchase produce. He entered the room behind the stand and saw the defendant sitting on a stool before a table on which a radio was giving race results. On the table were six bet slips and a scratch sheet. The defendant attempted to stuff the slips into a slot in the radio, but McKenna grabbed them. On the slips were the names of horses running that day. These papers were offered in evidence over the defendant's objection.

We find no error in the court's ruling. The officers had as much right to enter the store as any other member of the public. Machen, Search and Seizure (1950) page 5; *Silverstein v. State*, 176 Md. 533, 542, 6 A. 2d 465. From what they saw, they might properly conclude that the accused was making book or operating

a gambling establishment. *Fischer v. State,* 195 Md. 477, 480-481, 74 A. 2d 34, 36; *Silverstein v. State, supra.* This evidence came as a result of their observation and not as a result of a search. After arrest for the crime committed in their presence, they had a right to search such property as was within the immediate possession and control of the defendant. *Fischer v. State, supra.*

Sergeant McKenna also testified that he saw a man in the rear of the room, writing on a slip of paper the names of two horses. This man, William Thomas, then approached the defendant and tried to make a bet, but McKenna took it. Two other men in the store told McKenna, in the defendant's presence, that they had made bets that day with Curreri. McKenna also testified that a woman entered the store with a bet slip and some money in her hand. Curreri admitted to McKenna that he was taking bets, but said his brother Samuel, who ran the fruit stand, had no interest in the bookmaking. He said Sam had gone to the races that day, leaving an old man in charge of the fruit stand. Sam's truck was parked at the curb; the police searched it in the presence of the defendant and found a paper bag containing forty-three slips with race bets. The defendant said they were his bets; he put them in there himself. These slips were offered in evidence over objection.

The short answer to this objection is that the defendant claimed no interest in the truck, and had no standing to object to its search. The search warrant had alleged that the truck was titled in the name of Samuel and Catherine Curreri. It was used in connection with the fruit business. Since the appellant claimed no interest in the truck, he could not object to its search. Cf. *Lambert v. State,* 196 Md. 57, 75 A. 2d 327; *Resnick v. State,* 183 Md. 15, 36 A. 2d 347.

The appellant contends that it was error to admit the statements of the three men present at the time of the raid; that they had made bets with Curreri. The State contends that these statements were admissible

because of the failure of the accused to deny them, citing *2 Wharton, Criminal Evidence* (11th ed.) section 656. We had occasion to discuss this point at some length in *Barber v. State,* 191 Md. 555, 564-566, 62 A. 2d 616. In the instant case we need not decide whether mere silence on the part of the accused would render the statements admissible. He frankly admitted the truth of the statements, so that it was unnecessary for the trier of facts to draw any inference that the accused acquiesced in the statement and admitted its truth. The appellant contends that the admission was itself inadmissible, but we find no merit in the contention. There is not the slightest suggestion that the statement was not made freely and voluntarily. There was no objection to the question put to Sergeant McKenna as to his conversation with the accused, or any motion to strike it out. Cf. *Florentine v. State,* 184 Md. 335, 339, 40 A. 2d 820 and *Barber v. State, supra.* The general motion made at the conclusion of the State's case seems to have been directed only towards the betting memoranda offered in evidence, and the testimony of McKenna relating to violations "discovered" by him subsequent to his entry with the search warrant. What we have said above disposes of the appellant's contention that there was no proof of the *corpus delicti.*

*Judgment affirmed, with costs.*