SAUNDERS *v.* STATE
(Three Appeals in One Record)
[No. 127, October Term, 1951.]

*Decided April 2, 1952.*

*Rehearing denied May 6, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Harry A. Cole* and *Milton B. Allen* for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General, Anselm Sodaro, State's Attorney for Baltimore City,* and *Edwin A. Gehring, Assistant State's Attorney,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Charles Saunders, appellant, was convicted in the Criminal Court of Baltimore on three indictments charging that he sold lottery tickets, kept a room for the purpose of selling lottery tickets, and had lottery tickets in his possession. Code 1939, art. 27, secs. 405, 409, 411. The Court sentenced him on each indictment to serve in the Maryland House of Correction for nine months and to pay a fine of $1,000, the terms of imprisonment to run concurrently. He appealed here from the three judgments of conviction.

Appellant contends that the search warrant under which the evidence was obtained was illegal because it failed to name or described the persons to be searched. He relies on the Bouse Act, which directs that in the trial of misdemeanors no evidence shall be deemed admissible where it has been procured by any illegal search or seizure or any search and seizure prohibited by the Declaration of Rights of this State. Code Supp. 1947, art. 35, sec. 5.

The warrant was issued by Judge France on September 5, 1951, upon an affidavit of Captain Alexander L. Emerson of the Baltimore City Police Department. It commanded him, with the necessary and proper assistants, (1) to enter and search the two-story brick dwelling at 2403 Frances Street; (2) to search the pockets of the clothing of "all persons found in the premises or who may enter the premises" for lottery paraphernalia; (3) to seize all evidence pertaining to any form of gambling; (4) to arrest a Negro about 35 years old, about 5 feet, 9 inches, in height, and weighing about 160 pounds; and (5) to arrest all persons found to be violating the lottery laws.

The search was made at about 10:30 p.m. Captain Emerson, who was accompanied by two other police officers, knocked on the door and demanded entrance, declaring that he had a search warrant. As the door was not opened, he opened it and entered the house, followed by the other two officers. In the front room were a man

and two women. He showed them the warrant, and sent the other officers to the second floor, where they found appellant. The telephone rang several times, the callers asking to place numbers bets with "Ranny," who was identified as appellant. In the kitchen cupboard were lottery books and "dream books." On the buffet in the dining room were more numbers slips. The captain then went to the second floor, where appellant showed him a brief case containing books with 481 lottery slips for bets totalling more than $1,000.

Article 26 of the Maryland Declaration of Rights declares: "That all warrants, without oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal, and ought not to be granted."

There is a similarity between the search and seizure provisions in the organic law of the several States and the Fourth Amendment to the Constitution of the United States, which provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

The first ten amendments were adopted as a result of the agitation of the framers of the Constitution for a Bill of Rights to secure the safeguards of freedom to American citizens. In addition to the constitutional provisions, the several States have statutes which regulate the issuance of search warrants in accordance with the basic law. The Maryland search warrant statute contains a proviso "that any such search warrant shall name or describe, with reasonable particularity, the individual, building, apartment, premise, place or thing

to be searched." Code 1939, art. 27, sec. 306, as amended by Laws 1950, ch. 81.

The constitutional and statutory provisions demand that a search warrant shall contain a description of the premises to be searched definite enough to prevent any unauthorized and unnecessary invasion of the rights of privacy. It is an accepted rule that a description in a search warrant of the place to be searched is sufficient if it enables the officer with the warrant to locate the place with certainty. In this case the warrant described the place to be searched as the two-story brick dwelling at 2403 Frances Street. Ordinarily the description in a warrant of a house to be searched is sufficiently definite if it correctly states the street number of the house. *Steele v. United States,* 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757.

Appellant does not challenge the sufficiency of the description in the warrant of the premises to be searched, or the sufficiency of the evidence to justify his arrest in view of what was found on the premises and his obvious participation in the gambling operation. His only contention is that the command to search "all persons found in the premises or who may enter the premises" was too broad and hence the warrant was invalid, even though the evidence produced at the trial was procured by search of the premises, and not by search of the persons.

We will assume that if the objection had been made by an accused who was found in the house or was entering the house, but there was nothing to connect him with the gambling operation, the warrant would not have justified a search of his pockets. *De Angelo v. State,* 199 Md. 48, 51-53, 85 A. 2d 468, 470. But, even under such assumption, it would not follow that appellant could object to the warrant on the ground that it authorized the search of other persons concerning whom no probable cause was shown and who were not adequately described. The rule is established in Maryland that the right to object to an unreasonable search is a personal

privilege, and an accused cannot object to the admission of evidence on the ground that it was procured by an unlawful search of property in which he had no right, title or interest. *Baum v. State,* 163 Md. 153, 161 A. 244; *Frankel v. State,* 178 Md. 553, 562, 16 A. 2d 93; *Bevans v. State,* 180 Md. 443, 24 A. 2d 792; *Lambert v. State,* 196 Md. 57, 75 A. 2d 327; *Delnegro v. State,* 198 Md. 80, 81 A. 2d 241, *Curreri v. State,* 199 Md. 54, 85 A. 2d 454. It has likewise been held in other jurisdictions that an accused cannot claim the right to escape conviction by reason of the fact that the constitutional rights of some other person were violated. *Haywood v. United States,* 7 Cir., 268 F. 795, 803, 804; *Remus v. United States,* 6 Cir., 291 F. 501, 511; *Holt v. United States,* 6 Cir., 42 F. 2d 103; *Shore v. United States,* 60 App. D. C. 137, 49 F. 2d 519, *certiorari* denied, 283 U. S. 865, 51 S. Ct. 656, 75 L. Ed. 1469; *Re Nassetta,* 2 Cir., 125 F. 2d 924; 150 A. L. R. 577.

We have held that if the affidavit on which a search warrant is issued contains insufficient information or even improper information which ought not to be considered by the court, nevertheless if it also contains sufficient proper information to show reasonable ground for belief that a crime is being committed, the court is justifined in issuing the warrant. *Kapler v. State,* 194 Md. 580, 71 A. 2d 860. Compare *Bratburd v. State,* 193 Md. 352, 357, 66 A. 2d 792. We have also held that a warrant authorizing the search of more than one suspected place is not void as a general warrant merely because separate warrants were not issued. *Allen v. State,* 178 Md. 269, 13 A. 2d 352; *Asner v. State,* 193 Md. 68, 65 A. 2d 881; *Lucich v. State,* 194 Md. 511, 71 A. 2d 432.

It may be noted that in the *Asner* case the warrant commanded the search of a filling station and all persons found on or about the premises as well as the search of an automobile and all persons found therein. In the *Lucich* case the warrant commanded the search of all buildings in a tourist court and all persons found on the premises. Compare *Purkey v. Mabey,* 33 Idaho 281,

193 P. 79; *State v. Massie*, 95 W. Va. 233, 120 S. E. 514; *United States v. Di Re*, 332 U. S. 581, 68 S. Ct. 222, 92 L. Ed. 210.

In *United States v. 63,250 Gallons of Beer*, D. C. Mass., 13 F. 2d 242, 245, the Court held that a warrant which directed the seizure of fixtures in the described premises as well as the contraband was totally void as to the owner of the property. On the other hand, it was held in *State v. Moore*, 125 Iowa 749, 101 N. W. 732, that the erroneous inclusion of a command to search the person as well as the premises of the owner did not vitiate the warrant but could be rejected as surplusage. It has also been held that where separate warrants are issued, the invalidity of one warrant will not vitiate a seizure under both. *Maccieno v. United States*, 6 Cir., 9 F. 2d 61.

In the light of our decisions and the trend of the decisions in other jurisdictions, we conclude that the warrant in this case can be sustained as to the search of the premises and all persons participating in the crime, even though we assume that it is invalid as to innocent visitors. We base our decision on the fact that, although the warrant authorized the search of "all persons found in the premises or who may enter the premises," whether or not such persons were participating in the crime, nevertheless it did not violate the constitutional rights of appellant, and he cannot complain that the constitutional rights of other persons may have been violated.

*Judgments affirmed, with costs.*

MARBURY, C. J., delivered the following dissenting opinion.

The appellant was the tenant of a two-story brick dwelling in the City of Baltimore which was searched by the police under a search warrant issued by one of the judges of the Supreme Bench. After the search, and based upon what was found, the appellant was indicted and convicted on three indictments in the Criminal Court of Baltimore, these indictments charging that he sold

lottery tickets, kept a room for the purpose of selling lottery tickets, and had lottery tickets in his possession. He appealed from these judgments on the ground that the search warrant was illegal.

The question raised is that the warrant directed the police to enter and search the dwelling, and "to search the pockets of the clothing of all persons found in the premises, or who may enter the premises, for lottery paraphernalia". It is contended that this is a general warrant and violates the statute authorizing search warrants, Sec. 306 of Article 27, as amended by Chapter 81 of the Acts of 1950. That section authorizes the issuance of warrants "provided that any such search warrant shall name or describe, with reasonable particularity, the individual, building, apartment, premises, place or thing to be searched * * *". This statute carries out the provision in Article 26 of the Maryland Declaration of Rights which declares that "all general warrants to search suspected places, or to apprehend suspected persons, without naming or describing the place, or the person in special, are illegal and ought not to be granted."

The reason for the prohibition against general warrants contained in our Declaration of Rights, in the Constitution of the United States, and in the constitutions of many other states, has been so frequently and recently discussed by this and many other courts that we think it unnecessary to reiterate. See *Bass v. State,* 182 Md. 496, 501, 35 A. 2d 155. *Asner v. State,* 193 Md. 68, 65 A. 2d 881. Suffice it to say that no one's property or person may be lawfully searched before arrest, unless the safeguards provided by the Declaration of Rights and the Constitution are complied with. A general warrant is one which does not sufficiently specify the place or the persons to be searched.

It is contended by the State that similar warrants to the one before us have been before this court in several cases, and have been sustained. The case of *Allen v. State,* 178 Md. 269, 13 A. 2d 352, is quoted as holding that a warrant to search two separate buildings is not

general. The case of *Lucich v. State*, 194 Md. 511, 71 A. 2d 432, is also urged as a case where the court held that a warrant to search all the buildings located on certain premises, and all persons who may be found on the premises, was not a general warrant. Again, in *Asner v. State, supra,* the warrant upheld was to enter and search for gambling paraphernalia in an automobile and also in a filling station. In all of these cases, the question was whether the designation of one or more buildings or locations made a warrant general, and, in view of the connection between the different places to be searched in each case, we disallowed the contentions. The warrants upheld were primarily directed toward buildings, or in the one case, an automobile, and the further direction to search all persons found on the premises was not attacked at all, and no point was made that the addition of those words made the warrants general warrants. In the case before us, however, a direct attack is made on the words used as to persons. These words, as we have already shown, not only authorize the search of all persons found on the premises, but all those who may enter the premises.

We cannot treat these words as surplusage or separable, because an officer, armed with a warrant, is obligated to carry out the instructions contained in that warrant, and he must therefore not only search the building, but all the persons mentioned in the warrant. There can be no objection to a warrant which, directed mainly at a building, requires the search of all persons found therein who are engaged in the suspected criminal activities. We have held that a warrant to arrest all persons on the premises "participating in the bookmaking activity" is not general in its scope. *Smith v. State,* 191 Md. 329, 340, 62 A. 2d 287, 5 A. L. R. 2d 386.

The warrant in this case is directed to the whole world, or, at least, to that portion of it which may, during the time the officers are in the premises, enter those premises for any purpose whatever. It would not be more general if it were directed to all persons found on the

street in front of the premises. The officers are directed "to search the pockets of the clothing of all persons * * * who may enter the premises". That would include a postman who might be delivering the United States mail, a doctor who might have been called to attend someone who is ill, a minister who might be paying a pastoral visit, a plumber or other workman who has been called to remedy some defect in the building, or even a lawyer called after the entry in order to protect the rights of those in the property. None of these is immune from search, and, in fact, if the officers carry out the wording of the warrant, they are obliged to search them all.

In the case of *DeAngelo v. State*, 199 Md. 48, 85 A. 2d 468, we had before us a case where the police, operating under a search warrant, attempted to search a man who came in the door after they were in the premises. The man declined to permit it, and thereupon he was arrested and taken to the police station and searched there. Since no obvious misdemeanor was committed in the officer's presence, the search was held unlawful as not being incident to a lawful arrest. The search warrant commanded the officer to bring in "all other persons who may be found participating in said lottery", but we said this did not cover the accused who, so far as the evidence disclosed, was not participating in the lottery on the premises. Had the warrant in that case been the same as that in the instant case, the officer would have been authorized to arrest DeAngelo, and the evidence found on him would have been admissible. The warrant in the instant case, if held good, will change the rule of law which permits an arrest for a misdemeanor only where one is seen by the officer, or where he has a warrant for the arrest of an individual specifically charged. For this salutary rule, there will be substituted the right to arrest under a warrant which does not specify the parties to be arrested, and does not require that they be engaged in any illegal activities. Such a warrant does not describe "the person in special",

578

as provided by the Constitution, or "with reasonable particularity", as required by the statute.

The mere fact that the appellant was not a person entering the dwelling during the search, does not prevent him from raising the question of the validity of the warrant as a whole. He was in possession of the premises, and, if the warrant was bad, he was injured by the evidence procured under it and offered in his trial. Search warrants are strictly construed (*Cornelius on Search and Seizure*, 2nd Ed., Secs. 181(97), 184 (109)), and are void as a whole if, in any important particular, they violate the statute. See *Howard v. State*, 199 Md. 529, 87 A. 2d 161. The instant warrant does violate the statute, and should not be upheld. The appellant's motion to quash should have been granted.