JAMES ALPHONZO DELLY *v.* STATE OF MARYLAND

[No. 458, September Term, 1975.]

*Decided March 1, 1976.*

The cause was argued before MOORE, LOWE and MASON, JJ.

*Gerald A. Kroop* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Steven G. Hildenbrand, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

The appellant, James Alphonzo Delly, was convicted at a

bench trial in the Criminal Court of Baltimore of the crime of possession of heroin with intent to distribute. He was sentenced to a term of seven years.

The appellant's only assignment of error is that the evidence was obtained as a result of an unreasonable search and seizure carried out under an illegal general warrant.

On August 31, 1974, police officers armed with a search warrant entered the premises of 831 Whitelock Street in Baltimore City. In looking for the appellant, the officers broke into two unoccupied rooms on the second floor of the building prior to breaking into the third room where the appellant and sixty-five bags of heroin were found. After locating the appellant, the officers also broke into two unoccupied rooms on the third floor. Nothing was seized or introduced into evidence against the appellant from these unoccupied rooms. It was established at trial that 831 Whitelock Street was a multiple family dwelling and that the owner had authority to rent four rooms, including the one that was rented to the appellant.

The principal thrust of the appellant's argument is that since the premises were a multiple family dwelling, the search and seizure were illegal "because the warrant did not describe the place to be searched with that particularity, required by the Fourth Amendment". The appellant further argues that before obtaining or executing the warrant, the police had a duty to check with the proper authorities to determine whether the house was a single or multiple family dwelling. To support this novel proposition, the appellant relies solely on the case of *United States v. Santore*, 290 F. 2d 51 (2d Cir. 1960) *cert. denied*, 365 U. S. 834 (1961). In that case, a warrant was issued authorizing the search of a house which appeared from the outside to be a single family dwelling. In executing the warrant, however, it was discovered that the house contained two or more separate family units. In upholding the validity of the warrant, the Court made the following observations:

> The house at 164 Hill Street is to all outward appearances a one-family house with a front door and a side door, and it had always been registered

with the local authorities as a one-family dwelling. A few years prior to the search the interior of the house was renovated and subdivided by Orlando, but, in contravention of local ordinances, no permission to do so was obtained from the proper authorities. Consequently no notice of this subdivision was ever given to the local officials. *Id.*, 67.

Unlike the appellant, we do not read this statement to mean that before a police officer obtains or executes a search warrant for a house which appears to be a single family dwelling, he must first check with local authorities to make sure the premises are not a multiple family dwelling. We know of no authority mandating such an onerous and burdensome requirement, nor are we inclined to impose one.

To satisfy the requirements of the fourth amendment to the Federal Constitution in obtaining and executing a warrant to search a multiple family unit, the case of *United States v. Hinton*, 219 F. 2d 324, 325-326 (7th Cir. 1955) enunciates the following rule:

> For the purpose of satisfying the Fourth Amendment, searching two or more apartments in the same building is no different than searching two or more completely separate houses. Probable cause must be shown for searching each house or, in this case, each apartment.

An exception to this requirement occurs where the multiple unit character of the premises is not externally apparent and is not known to the officer applying for or executing the warrant. *Owens v. Scafati*, 273 F. Supp. 428 (D. Mass. 1967), *cert. denied*, 391 U. S. 969 (1968); *State v. Chisholm*, 499 P. 2d 81 (Wash. 1972); *State v. Koberstein*, 493 P. 2d 176 (Ore. 1972); *State v. Aiello*, 221 A. 2d 40 (N.J. 1966). Annot., 11 A.L.R.3d 1330 (1967).

There is no formula which can be used to measure the particularity with which premises must be described in a search warrant. The adequacy of such description in every case necessarily depends on the facts and circumstances

there present. *Frey v. State,* 3 Md. App. 38, 46, 237 A. 2d 774, 780 (1968). Ordinarily the description in a warrant of a house to be searched is sufficiently defined if it correctly states the street number of the house. *Saunders v. State,* 199 Md. 568, 572, 87 A. 2d 618, 620 (1952); *cf. Ferguson v. State,* 236 Md. 148, 202 A. 2d 758 (1964). In the present case, the outward appearance of 831 Whitelock Street gave no indication that the dwelling contained more than one family unit. The building had but one doorbell and one mailbox. There was no evidence that the police knew or should have known that more than one family resided in this dwelling. Accordingly, the evidence seized was not the result of an unreasonable search and seizure under an illegal general warrant.

*Judgment affirmed.*