# PATRICIA GREEN *v.* STATE OF MARYLAND

[No. 173, September Term, 1977.]

*Decided November 14, 1977.*

The cause was argued before GILBERT, C. J., and MASON and LISS, JJ.

*Gerald A. Kroop* for appellant.

*W. Timothy Finan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Bruce C. Spizler, Assistant Attorney General, William A. Swisher,*

*State's Attorney for Baltimore City*, and *William Townsend, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

LISS, J., delivered the opinion of the Court.

Patricia Green, appellant, was convicted in a non-jury trial before Judge Shirley B. Jones in the Criminal Court of Baltimore, of possession of heroin in a sufficient quantity to indicate an intention to distribute. Sentence was imposed and it was from that judgment that this appeal was noted.

The sole question raised by appellant is whether the trial court erred in overruling appellant's motion to suppress and exclude the evidence seized in the course of the execution of a search and seizure warrant obtained by the police from a Maryland District Court judge, which authorized the search of a premises described in the warrant as "1519 Presser Court second floor apartment located in a brick project-type building."

The affidavit in support of the application for the search and seizure warrant and the warrant itself were offered into evidence during the suppression hearing as Defense Motion Exhibit 1.

The affidavit stated that in mid-March 1976, the investigating officer, one Officer Parker, spoke with a confidential and reliable informant,[1] who advised him that a female known to him as "Treecy," whom he described as being 25 to 27 years of age, five feet one inch to five feet five inches in height, weighing 120 to 125 pounds, with brown skin and short hair, was selling heroin on a large-scale basis from "her second floor apartment at 1519 Presser Court." The informant further stated that persons who wished to purchase heroin would go to 1519 Presser Court, knock on the door "leading to the second floor apartment" and enter. The affidavit further recited that shortly after midnight on

---

1. Appellant raises no issue in this appeal or in the hearing below as to the "informant's basis of knowledge" or the veracity of the informant's knowledge. Our own review of the facts recited in the application for the warrant discloses that they are more than sufficient to satisfy both requirements.

March 23, 1976 the officer and his informant drove to the Presser Court neighborhood where the informant pointed to the door marked 1519 Presser Court and said that "that door leads to 'Treecy's' apartment." Officer Parker then drove the informant from the neighborhood and returned to 1519 Presser Court for further surveillance of the apartment. The affidavit states that in the course of the ensuing hour and one-half the officer observed four young black males enter the door pointed out as the entrance to "Treecy's" apartment. Each of the four males remained for approximately three minutes and then exited and left the area. The affidavit also reveals that on the following day the officer ascertained that the telephone number assigned to 1519 Presser Court was in the name of Patricia Green. A check of the Central Records Division of the Baltimore Police Department revealed that Patricia Green resided at 1519 Presser Court and that she had been involved in three prior narcotics charges. The officer also stated that the nickname "Treecy" is associated with the name of Patricia. Pursuant to the application the District Court judge issued a warrant describing the premises to be searched as "1519 Presser Court, second floor apartment located in a brick project-type building." Armed with the warrant, the officer went to the address given, opened the front door marked 1519 Presser Court and looked for stairs leading to the second floor apartment. He found no stairs. After verifying that the address was in fact 1519 Presser Court, he entered the first floor apartment located at that address, where he found Patricia Green. At trial it was determined that the building here involved has three apartments, with entrance gained through three different numbered entrances. The entrance designated 1519 Presser Court led to the first floor apartment; the entrance designated 1517 Presser Court (ten feet from 1519) led to the second floor apartment; and the entrance designated 1515 Presser Court led to the third floor apartment. A search of the apartment revealed quantities of heroin of varying strengths, ranging from 22.5% to 5.4%; the higher strength compound indicating a strong possibility that the heroin could be adulterated to yield a greater

quantity, the lower strength representing the average mixture available in ordinary street sales.

The Fourth Amendment to the United States Constitution proscribes the issuance of general warrants and requires that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched." A similar prohibition is contained in Article 26 of the Maryland Declaration of Rights. Maryland Code (1957, 1976 Cum. Supp.) Art. 27, § 551 contains the procedure for the issuance of a search and seizure warrant.

It is to be noted that appellant raises no issue as to the warrant signed by the magistrate being a general warrant, nor does she contend that there was an insufficient showing of probable cause, nor that the warrant lacked particularity in describing the place to be searched. To the contrary, she urges that the premises to be searched *were* particularly described as "1519 Presser Court second floor apartment located in a brick project-type building" and that the search by the officer of her *first floor apartment* at 1519 Presser Court was an unreasonable violation of her right to be secure from unlawful searches and seizures.

The historical background of the law governing the issuance of search and seizure warrants was discussed by this Court in two recent cases, *Hignut v. State,* 17 Md. App. 399, 303 A. 2d 173 (1973) and *Harris and Schmitt v. State,* 17 Md. App. 484, 302 A. 2d 655 (1973). We noted in *Hignut, supra,* "that the notion of a 'general warrant' did not contemplate every minor imprecision in draftsmanship giving rise to some arguable ambiguity or fleeting confusion." *Id.* at 417, 303 A. 2d at 182. *Andresen v. State,* 24 Md. App. 128, 331 A. 2d 78 (1975), *aff'd,* 427 U. S. 463, 96 S. Ct. 2737, 49 L.Ed.2d 627 (1976).

*Steele v. United States, No. 1,* 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757 (1925), decided by the Supreme Court in the unlamented days of Prohibition, stated the standards to be applied in determining whether a warrant sufficiently described the place to be searched. In that case, prohibition

agents obtained a warrant to search a building used as a garage where they had probable cause to believe that illicit whiskey was stored. The description of the premises to be searched given in the warrant was that of a garage located in a building at 611 W. 46th St. In executing the warrant the agents discovered that the building had three street entrances and two house numbers and further that there was an elevator which gave access to three additional floors in the building. The agents searched the entire building and discovered illicit whiskey on the premises. Chief Justice Taft, speaking for a unanimous Court, reasoned that the search warrant fully complied with the statutory and constitutional requirements. He stated the test to be that "It is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain and identify the place intended." *Id.* at 503, 45 S. Ct. at 416, 69 L. Ed. at 760.

*United States v. Prout,* 526 F. 2d 380 (5th Cir. 1976) is a case factually similar to the case *sub judice.* There the defendant was convicted of conspiracy to possess and distribute cocaine. The physical evidence had been seized pursuant to a search and seizure warrant. In a hearing on the motion to suppress, it was disclosed that the warrant named the premises to be searched only as Quick Sales Real Estate Office, 1001 Nunez St., New Orleans, La. The evidence showed that the real estate office was in a one story building attached to a slightly taller two story building in which an apartment was located. The address of the apartment was 441 Newton Street. Neither the affidavit nor the warrant mentioned the existence of the apartment or the 441 Newton Street address. In affirming the trial court's refusal to grant the motion to suppress the contraband seized from the second floor apartment, the court restated the standard enunciated in *Steele, supra,* and further declared that "An error in description is not automatically fatal to the validity of a search warrant." *Id.* at 387. *United States v. Melancon,* 462 F. 2d 82 (5th Cir. 1972), *cert. denied,* 409 U. S. 1038 (1972).

In *United States v. Darensbourg*, 520 F. 2d 985 (5th Cir. 1975), it was held that a warrant's description of a premises as "Apartment #70, located at 3101 Highland Rd. in the City of Baton Rouge" was sufficient to authorize the search of an apartment #70 located on July Street, not Highland Road, which was the address of the business office of the large apartment complex in which the apartment was located. The apartment was in a different building about 300 yards from the business office but separated from it by a canal so that moving from one location to the other required traveling several blocks. Officers had obtained the address on the warrant from the telephone directory.

The Court, in *Darensbourg*, at 387-88, adopted the following language, found in *United States v. Sklaroff*, 323 F. Supp. 296, 321 (S.D. Fla. 1971), in which the Court, after discussing a number of cases recognizing that a minor error in the description of premises to be searched does not necessarily invalidate the search, said:

> "The . . . decisions illustrate the principle that the determining factor as to whether a search warrant describes the premises to be searched with sufficient particularity is not whether the description given is technically accurate in every detail but rather whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and *whether there is any reasonable probability that another premises might be mistakenly searched which is not the one intended to be searched under the search warrant.*" (Emphasis supplied).

The Court of Appeals, in *Saunders v. State*, 199 Md. 568, 572, 87 A. 2d 618, 620 (1952), said:

> "The constitutional and statutory provisions demand that a search warrant shall contain a description of the premises to be searched definite enough to prevent any unauthorized and

unnecessary invasion of the rights of privacy. It is an accepted rule that a description in a search warrant of the place to be searched is sufficient if it enables the officer to locate the place with certainty. . . . Ordinarily the description in a warrant of a house to be searched is sufficiently definite if it correctly states the street number of the house."

In *Ferguson and Crenshaw v. State,* 236 Md. 148, 202 A. 2d 758 (1964), the Court of Appeals upheld a search of a business premises designated as 1301 E. Baltimore St., which in fact encompassed other property used in the business located at 5 and 7 S. Central Ave. The Court there stated, quoting from *Allen v. State,* 178 Md. 269, 278, 13 A. 2d 352 (1940):

"The fact that no formula may be stated with reference to the test of what premises may be searched, and how the premises must be described, is shown by the cases collected in 3 A. L. R. 1518, 1519; 13 A. L. R. 1318, 1319; 27 A. L. R. 751-753; 39 A. L. R. 841; *Cruz v. State,* 114 Tex. Cr. R. 450, 25 S. W. 2d 875; 68 A. L. R. 1186-1191. Every case will depend upon its particular facts and circumstances." 236 Md. at 156, 202 A. 2d at 762.

In *Frey v. State,* 3 Md. App. 38, 47, 237 A. 2d 774, 780 (1968), this Court said:

"In determining whether the description of the place to be searched meets these standards, it is permissible to look to the affidavit as well as the warrant since the affidavit is a part of the warrant and incorporated by reference therein." (Citations omitted).

It becomes our responsibility at this juncture to examine the factual situation in this case and to determine whether in the light of the legal principles we have here set out the

trial court erred in refusing to grant the appellant's motion to suppress. We find no such error and shall affirm.

It is undeniable that the warrant specified the premises to be searched as a second floor apartment at 1519 Presser Court and that the officer actually searched a first floor apartment at that address. The officer had no means of determining the error prior to his initial entry into 1519 Presser Court, when he discovered for the first time that there were no stairs leading to the second floor of that address.

Once the error was discovered, however, he was in possession of certain information which he had a right to use in order to determine whether he could with a reasonable effort, ascertain and identify the place intended. He had information from a concededly reliable informant giving a description of a black female who resided at 1519 Presser Court. He gave the nickname "Treecy" which he knew to be a nickname for Patricia. The officer's informant had physically pointed out to him the outer door which the informant had entered to make purchases of narcotics from "Treecy," and that door was marked 1519 Presser Court. His own surveillance had disclosed the entry and almost immediate exit of four black males under circumstances which indicated to him a traffic in narcotics. The officer's investigation had disclosed that a telephone listed to 1519 Presser Court was installed for Patricia Green. A check of Central Records of the Police Department indicated that Patricia Green, who resided at 1519 Presser Court, had been arrested for alleged narcotics violations on three prior occasions. We think it is noteworthy that no claim is asserted that the search was made at the wrong apartment but only that the search was not made at the second floor apartment as directed in the warrant.

We conclude in the light of these facts that the officer was able with reasonable effort to ascertain the premises to be searched and that there was no reasonable probability that another premises might be mistakenly searched. We find

that the officer acted in full compliance with the statutory and constitutional requirements surrounding a search and seizure authorized by a valid warrant issued upon probable cause.

*Judgment affirmed; costs to be paid by appellant.*