## MARTINI *v.* STATE

[No. 10, October Term, 1952.]

*Decided November 11, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*Solomon Liss* for appellant.

*Ambrose T. Hartman,* Special Assistant Attorney General, with whom were *Hall Hammond,* Attorney General, *Anselm Sodaro,* State's Attorney for Baltimore City and *William H. Maynard,* Deputy State's Attorney, on the brief, for the appellee.

MARKELL, C. J., delivered the opinion of the Court.

This is an appeal from judgment on conviction of selling and possessing lottery tickets and of other viola-

tions of the lottery laws. The case was tried before the court without a jury. The question presented is whether a search warrant was invalid for inadequate description of appellant.

The search warrant directed diligent search of a described automobile and "the pockets of the clothing of all persons found in the said auto or who may enter the said auto, who may be found to be violating the lottery laws, for lottery books, lottery slips, lottery tissues, lottery adding machine ribbons, lottery syndicate cards, adding machines, and any other paraphernalia used in unlawful operation of a lottery, and the monies used to play thereon;" and seizure of "all evidence pertaining to any form of gambling, * * * and also the bodies" of a white man and a white woman, "the white man being about 25 yrs. of age" and arrest of "all persons found to be violating the lottery laws, who are actively engaged in the unlawful operation of conducting or playing lottery, or who may be found to have lottery paraphernalia in their possession * * *." Appellant admits that if the warrant had been limited to a search of the automobile, it would have been valid, but contends that the description of the "white man, about 25 yrs. of age" is inadequate and invalidates the warrant *in toto*.

The officer who executed the search warrant testified that he saw the car described and stopped it; appellant was seated behind the wheel. "I observed he had a slip of paper in his hand, his right hand. I directed Martini to give me this slip of paper. He was crumpling it, * * * it was necessary for the four of us to take him out of the car bodily. From his hand I wrenched this slip which is a lottery adding machine tape, indicating Leo as being a writer, the play amounting to $90.75." The slip of paper in appellant's hand "appeared to be a lottery slip." When appellant was taken from the car there was found under him a brown paper bag, which contained packages, which in turn contained lottery slips—60 lottery slips representing ten writing

stations and $541.28 of play, and $217.35 in cash. Appellant objected to admission in evidence of the adding machine tape taken from his hand and the contents of the bag on which he had been sitting.

In a city of 1,000,000 inhabitants 15,000 or 20,000 (1/70 or 1/50) must be 25 years old. If half are men and 80% are white, 6000 must be men 25 years old. If "about 25" includes only 24, 25 or 26, there must be 18,000 persons who answer the description of "a white man, about 25 yrs. of age." We find it unnecessary to decided whether "a white man, about 25 yrs. of age" describes appellant "with reasonable particularity". The instant case is ruled by *Saunders v. State*, 199 Md. 568, 87 A. 2d 618. Assuming, without deciding, that appellant is not described with reasonable particularity in the warrant, both the lottery adding machine tape and the lottery paraphernalia in the bag on which appellant had been setting were lawfully seized in the search of the automobile, and were properly admitted in evidence.

In the *Saunders* case we said, "His [the appellant's] only contention is that the command to search 'all persons found in the premises or who may enter the premises' was too broad and hence the warrant was invalid, even though the evidence produced at the trial was procured by search of the premises, and not by search of the persons." Rejecting this contention, we cited an Iowa decision "that the erroneous inclusion of a command to search the person as well as the premises of the owner did not vitiate the warrant but could be rejected as surplusage." We concluded "that the warrant in this case can be sustained as to the search of the premises and all persons participating in the crime, even though we assume that it is invalid as to innocent visitors." 199 Md. 568, 574, 87 A. 2d 620, 621. In the instant case we conclude that the warrant can be sustained as to the search of the automobile even though we assume that it is invalid as to "the white man, about 25 yrs. of age."

Obviously, execution of a warrant for the search of an automobile cannot lawfully be frustrated by a man—or a dozen men—sitting on or otherwise concealing contents of the automobile. The principle is the same as to the slip of paper seen in appellant's hand. The officer says it "appeared to be a lottery slip." Whether by "lottery slip" the officer meant a lottery ticket or used the term broadly to include a lottery adding machine tape, in either event it proved to be a bit of lottery paraphernalia of the same or a slightly different kind from what it appeared to be. In either event it was within the scope of the warrant to search the automobile. It was not obtained by search of appellant's pockets or his person, but was seen in his hand when the search of the automobile was begun. Appellant could no more lawfully frustrate the search by concealing a paper in his hand than by sitting on it. Whether the officer knew or only thought it was a lottery adding machine slip is immaterial. It was lawfully seized, not because appellant committed a crime in the officer's presence, but because the warrant commanded the officer to search for "lottery slips, * * * lottery adding machine ribbons," and any other lottery paraphernalia. "Search" means more than "seize". It requires examination of things which appear to be, or possibly may be, lottery paraphernalia. The slip in appellant's hand proved to be a bit of lottery paraphernalia.

Our conclusion as to the validity of the search makes it unnecessary to consider the question whether, if the adding machine tape had been held inadmissible, the judgment could have been affirmed on the ground that that evidence was merely cumulative and that the other evidence, *e.g.*, that contained in the bag, demonstrated guilt beyond a reasonable doubt and exclusion of the tape could not have changed the verdict. As the case was tried before the court without a jury, our review is broader than in jury case. *Diggins v. State*, 198 Md. 504, 84 A. 2d 845; *Auchincloss v. State*, 200 Md. 310, 316, 89 A. 2d 605, 607; *Ferraro v. State*, 200 Md. 274,

279, 89 A. 2d 628, 630. Even in a non-jury case we cannot reverse a finding of fact, based on credibility of witnesses, unless *clearly wrong*. But it does not follow that we cannot affirm a judgment which is so clearly right, that exclusion of a small amount of evidence could not have changed the result.

*Judgment affirmed, with costs.*