Concurring Opinion by
Adkins, J.,
which Greene, J., joins.
Most respectfully, I write separately because I am troubled by the implications of the Majority’s opinion regarding probable cause and the lack of particularity in the search warrant. We should not condone a warrant authorizing police to search the entirety of a cell phone absent any temporal limitation on the information to be searched. A warrant of such generality raises the same concerns our Framers sought to address by crafting the Fourth Amendment. See Riley v. California, — U.S. -, 134 S.Ct. 2473, 2494, 189 L.Ed.2d 430 (2014). I concur in the judgment because I conclude that the good faith doctrine of United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) applies.
PROBABLE CAUSE
I incorporate by reference, my concurrence in Stevenson v. State, 455 Md. 709, 168 A.3d 967, 2017 WL 3765549 (2017). As I wrote in that case, I would not find probable cause where a warrant affidavit cites only an officer’s training and experience, yet fails to show any nexus between the suspect’s phone and criminal activity.
PARTICULARITY
The affidavit Sergeant Zimmerman prepared asked to seize and search “any and all electronic data processing and storage devices located in the above-described cellular telephone,” *707 “[a]ny phone call records,” “any text mail ‘messages’ sent or received,” “any stored, un-stored, unsorted phone numbers on these devices,” “any photographs stored on these devices,” and “any external memory devices used on these devices ....”[1] The affiant did not specify a date range for the data to be searched, although the affidavit does identify when the incident leading to Petitioner’s arrest occurred. Likewise, the warrant issued by the District Court for Garrett County does not prescribe any temporal limitation regarding the information to be searched. The warrant in Stevenson v. State, 455 Md. 709, 168 A.3d 967, 2017 WL 3765549 (2017), at least limited the information to be searched to pictures, movies, and electronic communication stored during an eighteen-hour period.[2] For that reason, I have no concerns regarding the particularity of that warrant.
The Fourth Amendment requires that “no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” U.S. Const, amend. IV. As the Supreme Court pointed out in Riley, “the Fourth Amendment was the founding generation’s response to the reviled ‘general warrants’ ... which allowed British officers to rummage through homes in an unrestrained search for evidence of criminal activity.” 134 S.Ct. at 2494. The particularity requirement “ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit.” Maryland v. Garrison, 480 U.S. 79, 84, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). Although neither the Petitioner nor the Majority addressed this issue, I address it because of the disquieting consequences of permitting overly broad searches. See also Adam M. Gershowitz, The Post-Riley Search War *708 rant: Search Protocols and Particularity in Cell Phone Searches, 69 Vand. L. Rev. 585, 601-06 (2016) (exploring how search warrants for “all data” on cell phones are overbroad and lack particularity).
The search permitted by the warrant in this case is overly broad. This Court has explained that “constitutional and statutory provisions demand that a search warrant shall contain a description of the premises to be searched definite enough to prevent any unauthorized and unnecessary invasion of the rights of privacy.” Saunders v. State, 199 Md. 568, 572, 87 A.2d 618 (1952) (emphasis added). Cell phones may contain “[t]he sum of an individual’s private life .... ” Riley, 134 S.Ct. at 2489. Therefore, temporal limitations on data searches may be essential to satisfy the particularity requirement of the Fourth Amendment. Although the affiant knew when the alleged CDS distribution occurred, the warrant authorized him to search through every scrap of data on Petitioner’s phone. This includes any “external memory devices”—presumably including any cloud storage—regardless of the temporal proximity to criminal conduct justifying the search. I would not read the Fourth Amendment, and its particularity requirement, to allow such a warrant.
CONCLUSION
Police officers already capably draft search warrant affidavits for a range of property such as cars, houses, and other personal effects. They can do so for cell phones as well. I would require that, at a minimum, a search warrant for a cell phone should contain a temporal limitation to prevent the “unnecessary invasion of the rights of privacy.” Saunders, 199 Md. at 572, 87 A.2d 618. To permit otherwise would sanction search warrants lacking particularity. I would affirm the Court of Special Appeals’ determination that the photographs and videos recovered from Petitioner’s phone were admissible under the good faith exception. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
Judge Greene has authorized me to state that he joins this Concurring Opinion.

, Presumably, this refers to flash drives, external hard drives, or even cloud access.

. The warrant in Stevenson authorized police to search for only information "stored ... from 1600 hours on 22 July 2015 to 1000 hrs on 23 July2015